## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN BEREZA,  on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>LAW OFFICE OF ALAN KAMEL, and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, STEPHEN BEREZA, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, LAW OFFICE OF ALAN KAMEL, ("KAMEL"), and JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of Somerset County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      KAMEL is an attorney with and address of 1207 East Grant Street, 3rd Floor, Elizabeth, New Jersey 0720.

8.      Upon information and belief, KAMEL uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      KAMEL is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendant which are in violation of the FDCPA, as described in this

Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined

as:

> All New Jersey consumers who were sent
> communications from KAMEL concerning a debt
> and/or obligation owed to another, which included
> the alleged conduct and practices described herein.

- <u>The class definition may be subsequently modified or refined</u>.

- <u>The Class period begins one year to the filing of this Action</u>.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a

class action:

- Upon information and belief, the Class is so numerous that joinder of all

  members is impracticable because there may be hundreds and/or thousands of

  persons who were sent debt collection letters and/or notices from the

  Defendant that violate specific provisions of the FDCPA. Plaintiff is

  complaining of a standard form letter and/or notice. (*See* <u>Exhibit B</u>, except

  that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2

  redacted the financial account numbers and/or personal identifiers in an effort

  to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which

  predominate over questions affecting any individual Class member.  These

  common questions of law and fact include, without limitation:

  a. Whether the Defendant violated various provisions of the FDCPA.

      b.    Whether Plaintiff and the Class have been injured by the Defendant's conduct;

      c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class

members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or before December 10, 2003, Plaintiff incurred a financial obligation to Hospital & Doctors Service Bureau ("HOSPITAL").

16. The obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

17. The obligation arose out of a transaction, which was not for business purposes.

18. The obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. On or about February 13, 2004, a judgment was entered in favor of HOSPITAL against Plaintiff, in the Superior Court of New Jersey – Special Civil Part, Docket No.: SOM-DC-006075-03, DJ-9624504.

20. On or before My 19, 2019, the HOSPITAL obligation was assigned to KAMEL for the purpose of collection.

21.    At the time the HOSPITAL obligation was assigned to KAMEL, said obligation was past due.

22.    At the time the HOSPITAL obligation was assigned to KAMEL, said obligation was in default.

23.    On or about May 19, 2019, KAMEL served an Information Subpoena on Plaintiff. A copy of said subpoena is annexed hereto as Exhibit A.

24.    The Information Subpoena was sent in connection with the collection of the HOSPITAL obligation.

25.    Upon receipt, Plaintiff read the Information Subpoena.

26.    The Information Subpoena is a "communication" as defined by 15 U.S.C. § 1692a(2).

27.    N.J. Court Rules, R. 6:7-2 provides:

**(b)** Information Subpoena

**(1)** To Judgment Debtor. An information subpoena may be served upon the judgment debtor, without leave of court, accompanied by an original and copy of written questions and a prepaid, addressed return envelope. *The information subpoena and written questions shall be in the form and limited to those set forth in Appendix XI-L to these Rules.* Answers shall be made in writing, under oath or certification, by the person upon whom served, if an individual, or by an officer, director, agent or employee having the information sought, if a corporation, partnership or sole proprietorship. The original subpoena, with the answers to the written questions annexed thereto shall be returned to the judgment creditor, if pro se, or judgment creditor's attorney within 14 days after service thereof. [Emphasis Added].

28.    Appendix XI-L provides the following notice:

# IMPORTANT NOTICE
## Please Read Carefully
## Failure to Comply with this Information Subpoena May Result in Your Arrest and Incarceration

29.    The May 19, 2019 Information Subpoena sent by KAMEL to Plaintiff did not contain notice as set forth in Appendix XI-L.

30.    Appendix XI-L further provides the following notice:

Judgment has been entered against you in the Superior Court of New Jersey, Law Division, Special Civil Part, _____ County, on _____, 20_____, in the amount of $_____ plus costs, of which $_____ together with interest from _____, 20_____, remains due and unpaid.

31.    The May 19, 2019 Information Subpoena sent by KAMEL to Plaintiff did not inform Plaintiff as to which County in which the case was venue.

32.     The May 19, 2019 Information Subpoena sent by KAMEL to Plaintiff did not inform Plaintiff as to the date judgment was entered.

33.    The May 19, 2019 Information Subpoena sent by KAMEL to Plaintiff did not inform Plaintiff as to the amount of the original judgment.

34.    The May 19, 2019 Information Subpoena sent by KAMEL to Plaintiff did not inform Plaintiff as to the balance of the judgment, which remains unpaid.

35.    KAMEL  knew or should have known that its actions violated the FDCPA.

KAMEL could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

34.     It is KAMEL's policy and practice to send written initial communications, in the form annexed hereto as Exhibit A, which violate the FDCPA, by *inter alia*:

   (a) Using false representation and deceptive means to attempt to collect a debt;

   (b) Using false representation and deceptive means to obtain information concerning a consumer; and

   (c) Making a false representation as to the character, amount, and legal status of a debt.

35.     On information and belief, KAMEL sent written communications in the form annexed hereto as Exhibit A, to at least 40 natural persons in New Jersey with one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

36.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

37.     Collection letters and/or notices, such as those sent by KAMEL, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

38.     Section 1692e(10) of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representations or means in connection with the collection or attempted collection of a debt or to obtain information concerning a consumer.

39.     The May 19, 2019 Information Subpoena sent by KAMEL to Plaintiff, failed to include certain notices required by N.J. Court Rules, R. 6:7-2(b)(1).

40.     The May 19, 2019 Information Subpoena sent by KAMEL to Plaintiff, failed to inform Plaintiff that should he not comply with the subpoena that he may be arrested and/or incarcerated.

41.     Such required notice is meaningful to the least sophisticated consumer as it will affect his decision as to whether or not he should comply with the subpoena.

42.     The May 19, 2019 Information Subpoena sent by KAMEL to Plaintiff, failed to inform Plaintiff certain information as to the amount of the debt and balance of the debt.

43.     Such required notice is meaningful to the least sophisticated consumer as it will affect he decision as to he should pay the debt balance or whether he should use his funds to pay another debt.

44.     Such required notice is meaningful to the least sophisticated consumer as it will affect he decision as to he should pay the debt balance or whether he should respond to the subpoena.

45.     KAMEL violated Section 1692e(10) of the FDCPA, by sending the May 19, 2019 Information Subpoena to Plaintiff, which failed to include the required notices as set forth in Appendix XI-L.

46.     By failing to inform Plaintiff that he could be arrested or incarcerated, if he fail to comply with the May 19, 2019 Information Subpoena,  KAMEL misrepresented the nature of Plaintiff's legal obligation to respond to the Information Subpoena.

47.     Section 1692(e)(2)(A) of the FDCPA prohibits the false representation of the character, amount, or legal status of any debt.

48.    KAMEL violated Section 1692(e)(2)(A) of the FDCPA, by sending the May 19, 2019 Information Subpoena to Plaintiff, which falsely represented the character, amount and legal status of the debt.

49.    Such information is meaningful to the least sophisticated consumer as it will affect he decision as to he can or should pay the debt balance or whether he should respond to the subpoena.

50.    By failing to inform Plaintiff that he could be arrested or incarcerated, if he fail to comply with the May 19, 2019 Information Subpoena,  KAMEL misrepresented the character and legal status of the debt.

51.    By failing to inform Plaintiff of the amount of the debt and the balance of the debt, KAMEL made a false representation as to the amount of the debt.

52.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

53.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

54.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

55.    Plaintiff and others similarly situated were sent letters, and/or notices, which would have affected their decision-making with regard to the debt.

56.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

57.    Plaintiff has suffered damages and other harm as a direct result of KAMEL's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against KAMEL as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: April 21, 2020

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 21, 2020

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

LAW OFFICE OF ALAN KAMEL
1207 East Grand Street, 3rd Fl.    **REFER TO OUR FILE NO: mp13**
Elizabeth, New Jersey 07201
**862.596.3967-Direct line PLEASE ASK FOR MICKEY**
ATTORNEY FOR PLAINTIFF 908.354.2400 Office
_____SUPERIOR COURT OF NEW JERSEY

Plaintiff

Hospital & Doctors Service Bureau
            Vs:
                                    DOCKET NO.  DJ-096245-04

**Defendant**
                                    **CIVIL ACTION**
Stephen Bereza
                                    **INFORMATION SUBPOENA**
THE STATE OF NEW JERSEY to

Stephen Bereza

████████████████████

       Judgment has been entered against you in the Superior Court Of New Jersey, Law Division.

       Attached to this information Subpoena is a list of questions to answer within 14 days from the date you receive this subpoena.

       If this judgment has resulted from a default you may have the right to have this default judgment vacated by making an appropriate motion to the court.  Contact an attorney or the clerk of the court for information on making such a motion.  Even if you dispute the judgment you must answer all of the attached questions.

       You must answer each question giving complete answers, attaching additional pages if necessary. However, you need not provide information concerning the income and assets of others living in your household unless you have a financial interest in the assets or income.  Be sure to sign and date your answers and return them to the address in the upper left hand corner within 14 days.

Dated: May 21. 2019

                            *Michelle Smith*

*ALAN M. KAMEL ESQ.*
Alan M. Kamel Esq.
ID#018561985

**PLEASE KEEP ONE COPY AND RETURN ONE COPY OF COVER SHEET AND ANSWERS.**

INFORMATION SUBPOENA QUESTIONS

1. Full Name_____ 3. Birthdate:_____/_____/_____
2. Address_____ 4. Social Security # :_____
3. _____    _____-_____-_____
5. Driver's license # and expiration date_____
   _____
6. Telephone #_____
7. Full name and address of employer_____
   _____

   (a)  Your weekly salary : Gross_____Net_____
   (b)  If not presently employed name and address of last employer._____
   _____

8. Is there currently a wage execution on your salary?
   Yes_____No_____
9. List the names, addresses and account numbers of all bank accounts on which your name
appears._____
10. If you receive money from any of the following sources, list the amount, how often, and the name and
addresses of the source:

| TYPE | AMOUNT & FREQUENCY | NAME AN ADDRESS OF SOURCE |
|------|---------------------|----------------------------|
| Alimony | | |
| Loan Payments | | |
| Rental Income | | |
| Pensions | | |
| Bank Interest | | |
| Stock Dividends | | |
| Other | | |

11. Do you receive any of the following, which are exempt from levy?

| Type | Yes/No (Circle One) | Amount Per Month |
|------|----------------------|-------------------|
| Social Security Benefits | Yes/No | |
| SSI Benefits | Yes/No | |
| Welfare Benefits | Yes/No | |
| V.A. Benefits | Yes/No | |
| Unemployment Benefits | Yes/No | |
| Worker's Compensation Benefits | Yes/No | |
| Child Support payments | Yes/No | |

Attach copies of the three most recent bank statements for each account listed in Question 9 that contain funds
from these sources.
12. Do you own the property where you reside?
    Yes_____No_____   (a) Name of the owner or owners_____
    (b) Date of property was purchased_____
    (c) Purchased Price_____
    (d) Name and address of mortgage holder_____
    _____
    (e) Balance due on mortgage_____
13. Do you own any other real estate?
    Yes_____No_____ If Yes, state the following for each property: _____
    (a) Address of property_____
    (b) Date property was purchased_____
    (c) Purchase price_____
    (d) Name and address of all owners_____
    (e) Name and address of mortgage holder_____
    (f) Balance due on mortgage_____
    (g) Name and address of all tenants and monthly rental paid be each tenant_____
    _____

14.   If you answered "yes" to either questions 12 or 13, does the present value of your personal property, which includes automobiles, furniture appliances, stocks, bonds, and cash on hand, exceed $1,000?

YES_____NO_____   If the answer is "yes" you must itemize all property owned by you.

Cash on hand:  $_____

Other personal property: (Set forth make, model, and serial number. If financed, give name and address of party to whom payments are made.

| Item | Date Purchased | Purchase Price | If Financed, Balance still due | Present Value |
|------|----------------|----------------|--------------------------------|---------------|
| ---------- | -------------------- | -------------------- | -------------------------------------------- | -------------------------- |

15. Do you own a vehicle?

Yes_____No_____   If yes, state the following for each

Vehicle owned:

(a)   Make, Model and year of motor vehicle?_____
_____

(b)   If there is a lien on the vehicle, state the name and address of the lienholder and the amount due to the lienholder_____
_____

(c)   License plate#_____

(d)   Vehicle identification#_____

16.   Do you own a business?

Yes_____No_____If yes state the following:

(a)   Name and address of the business_____
_____

(b)   Is the business a Corporation_____, sole proprietorship_____or partnership_____?

(c)   The name an address of all stockholders, officers and/or partners_____

(d)   The amount of income received by you from the business during the last twelve months_____

Set forth all other judgements that you are aware of that have been entered against you and include:

| CREDITOR'S NAME | CREDITOR'S ATTORNEY | AMOUNT DUE | NAME OF COURT | DOCKET # |
|-----------------|---------------------|------------|---------------|----------|
| -------------------------- | -------------------------------- | -------------------- | -------------------------- | ------------------ |

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date:_____   _____

File NO._____

PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT THIS IS AN ATTEMPT TO COLLECT A DEBT AND ALL INFORMATOION OBTAINED WILL BE USED FOR THAT PURPOSE.