# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN BEREZA,  on behalf of himself and all others similarly situated,<br><br>*Plaintiffs,*<br><br>-vs-<br><br>LAW OFFICE OF ALAN KAMEL, and JOHN DOES 1-25**,**<br><br>*Defendants*. | Civil Case No.: 2:20-cv-04699 JMV-MF<br><br>NOTICE OF MOTION |

## JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff, STEPHEN BEREZA., (the  "Plaintiff  or  "Class Representative"), and Defendant, LAW OFFICE OF ALAN KAMEL, ("Kamel") collectively referred to herein as "the Parties",  respectfully request that the Court enter an order pursuant to Federal Rule of Civil Procedure 23(c)(l):  (1)  certifying  the  proposed  Class for settlement purposes;  (2) preliminarily approving  the  proposed  Settlement  Agreement;  (3)  directing notice  to  the Class;  and  (4)  setting dates for opt-outs,  objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2). In support  of their  motion, the Parties state:

1.    This  action was  filed by Plaintiff on his own behalf and  on  behalf of all other persons similarly  situated  to Plaintiff.

2.    Plaintiff asserted a claim pursuant to the Fair  Debt Collection Practices Act ("FDCPA") against Defendant  in  connection  with  an Information Subpoena Kamel sent to Plaintiff for the purpose of collecting debts owed to another,  which Plaintiff alleges violated 15 U.S.C. §1692 *et seq*. Kamel denies all of these factual allegations.

3.    Counsel for  Plaintiff  and  Defendant have  reviewed  and  analyzed  the  complex legal  and factual issues presented in  these consolidated actions,  and the risks  and expenses

involved in pursuing the litigation to conclusion.

4.    Based upon this review and analysis, counsel for Plaintiff and Kamel embarked upon and concluded comprehensive settlement discussions and executed the Class Action Settlement Agreement and Release (the "Settlement Agreement"), attached as Exhibit "A".

5.    Counsel for Plaintiff and the proposed Class and counsel for Kamel believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interests of the members of the proposed class.

6.    The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Class Settlement Agreement.

7.    The Parties submit, for the Court's approval, the Notice of Proposed Class Action Settlement, attached as Exhibit "B", to be sent to each Class Member *via* first class mail.

8.    The Parties also submit a proposed Preliminary Approval Order and Final Approval Order, attached as Exhibits "C" and "D", respectively.

WHEREFORE, the Parties respectfully request that the Court enter an order:

(1) certifying the proposed Class for settlement purposes;

(2) preliminarily approving the proposed Class Settlement Agreement;

(3) directing the Notice of Proposed Class Action Settlement to be sent to the Class via first class mail; and

(4) setting dates for opt-outs, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2).

Dated:

February 12, 2021

JONES, WOLF & KAPASI, LLC

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.
375 Passaic Avenue
Fairfield, NJ 07004
Telephone: 973.227.5900
Facsimile: 973.244.0019
*Attorneys for Plaintiff*


O'TOOLE SCRIVO, LLC

*/s/ Lawrence s. Cutalo*
Lawrence S. Cutalo, Esq.
14 Village Park Road
Cedar Grove, NJ 07009
Telephone:  973.239.5700
Facsimile:  973.239.3400
*Attorneys for Defendant*

# Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEPHEN BEREZA,  on behalf of himself and all others similarly situated, <br><br> *Plaintiffs*, <br><br> -vs- <br><br> LAW OFFICE OF ALAN KAMEL, and JOHN DOES 1-25 <br> *Defendants.* | Civil Case No.: 2:20-cv-04699 JMV-MF <br> Civil Action <br><br> **CLASS SETTLEMENT AGREEMENT** |

Class Settlement Agreement, dated February 12 2021, ("Agreement"), is made and entered into by and among the following Parties, as those terms are defined herein: (i) Plaintiff, Stephen Bereza, on behalf of himself and each of the Settlement Class members, by and through Class Counsel; and (ii) the Defendant, Law Office of Alan Kamel, by and through its counsel of record in this Litigation.[1] This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims, as set forth below, subject to the terms and conditions set forth herein.

### RECITALS

1.    **Parties.**  Defendant, Law Office of Alan Kamel ("KAMEL") and Plaintiff, Stephen Bereza, ("Plaintiff") individually, and as representatives of the class of persons defined below in Paragraph 8 (the "Settlement Class"), enter into this Agreement as to the claims of Plaintiff and the Settlement Class arising from KAMEL'S information subpoena attached as Exhibit to the Complaint in this Litigation.  Plaintiff and KAMEL are collectively referred to hereinafter as the "Parties."

2.    **Nature of litigation.** On April 21, 2020, Stephen Bereza, individually and on behalf of a class, filed a lawsuit in the United States District Court for the District of New Jersey,

---

[1] As used in this Agreement, capitalized terms shall have the meanings and definitions set forth herein.

1

which was captioned as *Stephen Bereza  et al v. Law Office Of Alan Kamel, et al., Case No.: 2:20-cv-04699 JMV-MF*, (the "Litigation"). The Litigation alleged KAMEL violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), by sending certain consumer information subpoenas, which allegedly made false, deceptive, and misleading statements in an effort to collect a debt. On July 9, 2020 KAMEL filed an answer to the complaint denying it violated the FDCPA and denying all liability to Plaintiff and the Settlement Class.

The Parties subsequently engaged in written discovery, and extensive arms-length discussions to resolve the Litigation, which included the informal exchange of information and documents relevant to Plaintiff's class claims and damages, and ultimately reached a settlement, which culminated with this Agreement.

3.    **Denial of Liability.**  As noted above, KAMEL denies violating the FDCPA and denies all liability to Plaintiff and the Settlement Class. KAMEL enters into this settlement solely to avoid the burden and uncertainty of further litigation, and to put to rest all claims which have or could have been asserted by Plaintiff and the Settlement Class against KAMEL in the Litigation.

4.    Plaintiff, individually and on behalf of the Settlement Class, desire to settle their claims against KAMEL, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the Litigation will be further protracted.

5.    Plaintiff's counsel has conducted an extensive investigation of the facts and applicable law, including, but not limited to, exchanging formal and informal written discovery. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

6.    In consideration of the foregoing and other good and valuable consideration set forth below, the Parties agree to settle all claims which were or could have been asserted by the Plaintiff in his Complaint, and the claims of the Settlement Class arising from the KAMEL information subpoena attached to Plaintiff's Complaint in the Litigation (hereinafter referred to as "the Information Subpoena"), subject to the Court's approval, on the following terms and conditions.

**TERMS**

7.      **Effective Date.** This Agreement shall become effective (hereinafter the "Effective Date") five (5) days after the entry of the Final Approval Order, which (a) approves the settlement as fair, reasonable, and adequate to the Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses with prejudice the claims alleged by Plaintiff, individually and on behalf of the Settlement Class in their respective Complaints.

8.      **Certification of Settlement Class.** For the purposes of settlement, the Parties stipulate to the certification of the Settlement Class, which is defined as:

> All New Jersey Consumers who were sent Information Subpoenas from KAMEL between April 21, 2019 and October 29, 2020, which did not inform the consumer that failure to comply with the Information Subpoena may result in his/her arrest and incarceration.

9.      **Class Size.** During discovery, KAMEL has provided documentation to Class Counsel concerning the number of claims and class members. Specifically, there are 82 persons who fit within the class definition and, therefore, are in the Settlement Class.

10.      **Relief to Plaintiff and the Settlement Class.** In view of all the foregoing, and as set forth below, the sum of Thirty Thousand ($30,000) Dollars shall be paid by or on behalf of KAMEL as follows:

(a)      KAMEL will create a class settlement fund of $4,100.00 ("Class Recovery"), which the Class Administrator will distribute to those Settlement Class Members who do not exclude themselves, a check in the amount of $50.00. Checks issued to Class Members will be void sixty (60) days from the date of issuance. If any portion of the Settlement Class Recovery remains after the void date on the Members' checks, these remaining funds will be distributed as set forth in ¶10(d).

(b)      KAMEL shall pay $1,000.00 to the named Plaintiff for his statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), plus an additional $500.00 in recognition of his service to the Settlement Class. Therefore, the named

3

Plaintiff will receive $1,500.00;

(c)     Plaintiff's counsel shall pay, out of the funds specified in
¶10(e) below, all costs associated with providing notice to
the Settlement Class under this class settlement and all
costs of administering the class settlement;

(d)     Any checks that have not been cashed by the void date,
along with any unclaimed funds remaining in the Class
Recovery, will be donated as a *cy pres* award to a charitable
organization. The Parties propose that the *cy pres* award be
donated to the National Consumer Law Center. The
Parties' selection of the forgoing *cy pres* recipient is subject
to the Court's approval at the time of the final fairness
hearing.

(e)     Subject to the Court's approval, KAMEL agrees to pay
Class Counsel $24,400.00 as reasonable attorneys' fees and
costs incurred in the prosecution of a "successful action"
under 15 U.S.C. § 1692k. The award of fees, costs, and
expenses to Class Counsel shall be in addition to, and shall
not in any way reduce, the amounts to be provided to the
Settlement Class Members.

11.     Settlement Class Members shall have forty-five (45) days after mailing of the
notice of the proposed settlement to complete and postmark a request to "opt-out" from the
proposed settlement or to object to the proposed settlement.

12.     Any Settlement Class Member may seek to be excluded from the Agreement by
opting out within the time period set by this Court. Any Settlement Class Members desiring to
exclude themselves from the Litigation must serve copies of the request on Class Counsel and
KAMEL'S counsel at the addresses listed in Paragraph 27 of this Agreement by the date set by
the Court. Any Settlement Class member who "opts-out" of the Settlement Class and the
Agreement shall not be bound by any prior court order or the terms of the Agreement.

13.     Any Settlement Class member may object to this Agreement by sending said
objection to the Clerk of the Court and serving copies of the objection on Class Counsel and
KAMEL's counsel at the addresses set forth in Paragraph 27 of this Agreement within the time

4

period set by the Court. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that the Agreement is not in the best interests of the Settlement Class. Any Settlement Class Member who objects to the Agreement may appear at the Final Approval Hearing and, subject to Court approval, be heard on the fairness of the settlement.

14.    Within 10 days after the Effective Date, KAMEL shall distribute all monies set forth in Paragraphs 10(a), 10(b), and 10(e) to: "Jones, Wolf & Kapasi, LLC – Trust Account", and within 30 days after the Effective Date, Jones, Wolf & Kapasi, LLC shall disburse those monies in accordance with this Agreement.

15.    **Release.** Upon the Effective Date, the Parties grant the following releases:

(a)    Plaintiff. Stephen Bereza, including his respective agents, representatives, heirs, assigns, or any other person acting on their behalf or for their benefit, and any person claiming through them (collectively, the "Releasors"), releases and discharges KAMEL, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, (collectively, the "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date (the "Released Claims"). Without limiting the generality of the foregoing, Releasors release the Released Parties of all claims that were made or that could have been made in their respective lawsuits including all claims relating to KAMEL'S Information Subpoena.

(b)    Each member of the Settlement Class who does not "opt-out" releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including

5

claims for the payment of attorney's fees and costs, arising out of or related to the Information Subpeona.

(c)     It is expressly stated that the releases above DOES NOT release any claim or defense Plaintiff and each Settlement Class Member may have with respect to the underlying debts which KAMEL was attempting to collect, including, but not limited to, (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus.

(d)     KAMEL does NOT release its claims, if any, against Plaintiff or any member of the Settlement Class for the payment of their alleged debts. The underlying debts KAMEL sought to collect are not affected by this Agreement. This Agreement does not prevent KAMEL from continuing to attempt to collect the debts allegedly owed by Settlement Class Members.

16.     **Judgment to Bar.**  The Parties intend that this Agreement eliminate all further risk and liability of the Released Parties relating to the Released Claims, and accordingly agree that the Court shall include in the Final Order and Judgment a Bar Order Provision as follows:

The Releasing Parties are permanently enjoined from: (i) filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on any or all Released Claims against one or more Released Parties; (ii) instituting, organizing class members in, joining with class members in, amending a pleading in or soliciting the participation of class members in, any action or arbitration, including but not limited to a purported class action, in any jurisdiction against one or more Released Parties based on, involving, or incorporating, directly or indirectly, any or all Released Claims; and (iii) filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on an allegation that an action of the Released Parties, which is in compliance with the provisions of the Agreement, violates any right of any Class Member.

All Persons who are, have been, could be, or could have been alleged to be joint tortfeasors, co-tortfeasors, co-conspirators, or co-obligors with any or all of the Released Parties respecting any or all of the Released Claims, are hereby, to the maximum extent permitted by law, barred and permanently enjoined from making, instituting, commencing, prosecuting, participating in or continuing any claim, claim-over, cross-claim, action, or proceeding, however denominated, regardless of the allegations, facts, law, theories or principles on which they are based, in this Court or in any other court or tribunal, against any or all of the Released Parties with respect to any or all of the Released Claims, including without limitation equitable, partial, comparative, or complete contribution, set-off, indemnity, or otherwise, whether by contract, common law or statute, arising out of or relating in any way to the Released Claims. All such claims are hereby fully and finally barred, released, extinguished, discharged, satisfied and made unenforceable to the maximum extent permitted by law, and no such claim may be commenced, maintained, or prosecuted against any Released Party.

17.    The releases set forth herein are conditioned upon the Court's approval of the settlement and KAMEL meeting its obligations herein. If this settlement is not approved by the Court or for any reason does not become effective, this Agreement shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

18.    **Notice Costs and Related Matters.** Plaintiff's counsel, Jones, Wolf & Kapasi, LLC will pay all costs of providing notice to the Settlement Class and settlement administration, as described above in Paragraph 10(c).

19.    **Notice.** Within ten (10) days of entry of the Preliminary Approval Order, KAMEL shall provide Jones, Wolf & Kapasi, LLC and/or the Class Administrator with the names and last known addresses of the Settlement Class Members, according to KAMEL's business records. Within twenty (20) days of entry of the Preliminary Approval Order, Jones, Wolf & Kapasi, LLC and/or the Class Administrator shall cause actual notice to be sent to Settlement Class Members using the information provided by KAMEL. Jones, Wolf & Kapasi, LLC and/or the Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, said notice shall be sent to the new address by Jones, Wolf & Kapasi, LLC and/or the Class Administrator within seven (7) days of receipt. Neither Jones, Wolf & Kapasi, LLC,  the Class

Administrator, KAMEL, KAMEL's counsel, or Plaintiff are required to skip trace any notices that are returned as undeliverable.

20.    KAMEL shall provide notice of this proposed class settlement to the appropriate state and federal authorities, and file proof of same with the Court, in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA").

21.    **Preliminary Approval.** As soon as practicable after execution of this Agreement, the Parties shall make application to the Court for a Preliminary Approval Order, which:

(a)    Preliminarily approves this settlement as being within the range of fairness and reasonableness;

(b)    Certifies the Settlement Class defined in Paragraph 8 for settlement purposes;

(c)    Appoints Joseph K. Jones, Esq., of Jones, Wolf & Kapasi, LLC, as Class Counsel;

(d)    Appoints Plaintiff, Stephen Bereza, as the representatives of the Settlement Class;

(e)    Provides for the payment of costs for Class Notice and Administration to be borne by counsel for Plaintiff;

(f)    Sets dates for Settlement Class members to "opt-out" or to object;

(g)    Schedules a hearing for final approval of this settlement;

(h)    Approves notice to the Settlement Class, to be directed to the last known address of Settlement Class Members as shown in KAMEL'S business records;

(i)    Directs that mailing of the Settlement Class notice and the other measures specified in Paragraph 19 of this Agreement are the only notices required to be sent to the Settlement Class Members, and finds that such notices satisfy the

8

requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws.

22.     The Parties agree to draft the form of notice to the Class Members and preliminary approval order. The fact that the Court may require non-substantive changes in the proposed class notice or preliminary approval order does not invalidate this Agreement.

23.     **Final approval.** At the conclusion of, or as soon as practicable after, the hearing on the fairness, reasonableness and adequacy of this settlement, and the expiration of at least ninety (90) days from the preliminary approval of the settlement (as required by CAFA), Plaintiff, Class Counsel, KAMEL, and KAMEL'S counsel shall request that the Court enter a Final Order:

  (a)  approving the terms of the settlement and this Agreement as fair, reasonable, and adequate;

  (b)  providing for the implementation of its terms and provisions;

  (c)  certifying the Settlement Class for settlement purposes;

  (d)  finding that the notice given to the Settlement Class satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws;

  (e)  dismissing the claims of Plaintiff and the Settlement Class alleged in the Complaint with prejudice and without further costs except as provided herein;

  (f)  retaining exclusive jurisdiction to enforce the terms of this Agreement;

  (g)  directing Class Counsel, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the Void Date, to file a notice apprising the Court that the terms of the Settlement and this Agreement

9

have been complied with and providing an accounting of how the Class Recovery was distributed; and

(h)     directing that ten (10) days after the filing of the notice contemplated in Paragraph 23(g) above, the claims of Plaintiff and the Settlement Class shall be dismissed with prejudice and without costs, absent a timely motion by either Plaintiff or KAMEL.

24.     **Release of Attorneys' Lien.** In consideration of this Agreement, Class Counsel hereby discharges and releases the "Released Parties," as defined in Paragraph 15(a) above, of and from any and all claims for attorneys' fees or costs, by lien or otherwise, other than the amount  stated in Paragraph 10(e).

25.     **Miscellaneous Provisions.** The Parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein including, but not limited to, resolution of the amount of Class Counsels' attorneys' fees and costs prior to the fairness hearing. Whether or not this Agreement is consummated, it shall in no event be construed as, or be deemed to be, evidence of an admission on the part of Defendant of any liability to the Settlement Class.

26.     Notices of exclusion requests and objections related to this Agreement shall be sent to:

<u>Counsel for Plaintiff</u>:              <u>Counsel for Defendant</u>:

Joseph K. Jones, Esq.                   Lawrence S. Cutalo, Esq.

JONES, WOLF & KAPASI, LLC              O'TOOLE SCRIVO, LLC

375 Passaic Avenue                      14 Village Park Road

Fairfield, NJ 07004                     Cedar Grove, NJ 07009

Telephone: 973.227.5900                 Telephone:  973.239.5700

Facsimile: 973.244.0019                 Facsimile:  973.239.3400

Email: jkj@legaljones.com               Email: lcutalo@oslaw.com

The persons and addresses designated in this Paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

27.     The foregoing constitutes the entire agreement between the Parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all

Parties hereto, and approved by the Court.

28.     This Agreement may be executed in multiple counterparts, with electronic signatures in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

29.     Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Settlement Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

30.     This Agreement shall be governed by and interpreted in accordance with the laws of the State of New Jersey.

31.     If final approval is granted, the Parties shall retain the Settlement Class list and a list of Settlement Class members who opted out or excluded themselves for six months thereafter, and may destroy them after that period.

32.     If any Party commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the prevailing party or parties in such action shall be entitled to recover their reasonable attorneys' fees and other expenses incurred in such action. Any award of attorneys' fees and expenses hereunder shall not be computed according to any court schedule but, instead, shall be in such amount as to fully reimburse all attorneys' fees and expenses actually incurred in good faith, regardless of the size of the judgment, since it is the intention of all Parties to compensate fully the prevailing party for all attorneys' fees and expenses paid or incurred in good faith.

[Signatures on Following Page]

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed:

Plaintiff:                                        Defendant:

 Stephen Bereza on behalf of himself  and all        Law Office Of Alan Kamel
others similarly situated,

                                                 *ALAN KAMEL*
*STEPHEN BEREZA*                                  Dated: February 12, 2021
Dated: February 12, 2021

# Exhibit

# B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN BEREZA,  on behalf of himself and all others similarly situated,<br><br>*Plaintiffs*,<br><br>-vs-<br><br>LAW OFFICE OF ALAN KAMEL, and JOHN DOES 1-25,<br>*Defendants*. | Civil Case No.: 2:20-cv-04699 JMV-MF<br>**Civil Action**<br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT, FAIRNESS HEARING, FINAL SETTLEMENT APPROVAL HEARING AND DISTRIBUTION OF COUNSEL'S FEES** |
| | |

**If you received an Information Subpoena from Law Office Of Alan Kamel, you may benefit from this class action settlement.**

*The is titled:*
*STEPHEN BEREZA,  et al vs. LAW OFFICE OF LAN KAMEL, et al,*
*D.N.J. Case No.: 2:20-CV-04699 JMV-MF*

*A Federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT.**
**THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **DO NOTHING BUT STAY IN THE SETTLEMENT CLASS** | By doing nothing, you will remain in the Class and be bound by the terms of the settlement. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain your legal claims against the Defendant. |
| **OBJECT** | Write to the Court about why you do not like the settlement. You |

|                    |                                                             |
|--------------------|-------------------------------------------------------------|
|                    | may also appear at the fairness hearing.                    |
| **GO TO A HEARING**| Ask to speak in Court about the fairness of the settlement. |

### 1.    Why did I get this notice?

You are receiving this notice because you were identified as a person to whom Defendant, Law Office Of Alan Kamel., ("Kamel") sent  Information Subpoenas New Jersey consumers, between April 19, 2019 and October 29, 2020 in an attempt to collect in an attempt to collect a debt, owed to another, which did not inform the consumer that failure to comply with the Information Subpoena may result in his/her arrest and incarceration.

### 2.    What is this lawsuit about?

This lawsuit claims that Kamel violated a federal law known as the Fair Debt Collection Practices Act ("FDCPA") by sending consumers Information Subpoenas, which Plaintiffs alleges made false, deceptive, and misleading representations in an effort to collect a debt. Kamel filed an answer to the lawsuit denying that its collection letter violates the FDCPA.

### 3.    Why is this a class action?

In a class action, one or more people called Class Representatives (in this case,  Stephen Bereza) sue on behalf of a group (or a "Class") of people who have similar claims regarding a materially similar Information Subpoenas used by Kamel in an attempt to collect a debt on behalf of another.

### 4.    Why is there a settlement?

To avoid the risk and delay of litigation, Plaintiff and Kamel (the "Parties") reached a settlement agreement as to Plaintiff's and the Class's claims.

### 5.    How do I know if I am a part of the settlement?

For settlement purposes, the Court has certified a Class consisting of all people who meet the following definition:

> All New Jersey Consumers who were sent Information Subpoenas
> from KAMEL between April 19, 2019 and October 29, 2020,

2

which did not inform the consumer that failure to comply with the Information Subpoena may result in his/her arrest and incarceration

Kamel estimates that, based on its electronic records, that it sent out approximately 82 such Information Subpoenas to the Class.  According to Kamel's records, you are a Class member.

## YOUR BENEFITS UNDER THE SETTLEMENT

**6.      What can I get from the settlement?**

Kamel will create a class settlement fund of $4,100.00 ("Class Recovery"), which Class Administrator will distribute to those Settlement Class Members who do not exclude themselves, a check in the amount of $50.00. There are 82 Class Members.

**7.      When will I receive these benefits?**

You will receive these benefits approximately 45-60 days after the Court enters a Final Approval Order. This estimation is premised on the assumption that no objections are received.

**8.      I want to be a part of the settlement. What do I do?**
Nothing. You do not need to do anything to be part of the settlement.

**9.      What am I giving up if I remain in the settlement?**

By staying in the Class, all of the Court's orders will apply to you, and you give Kamel a "release." A release means you cannot sue or be part of any other lawsuit against Kamel about the claims or issues in this lawsuit with respect to the claims made in the Complaint.

**10.     How much will the Class Representative receive?**

The named Plaintiff, Stephen Bereza, will eceive a payment of $1,500.00 for his individual statutory damages under the FDCPA and his services to the Class. This payment is subject to the Court's Approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the settlement, but you want to keep your legal claims against Kamel then you must take steps to exclude yourself from this settlement.

**11.        How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from: *Stephen Bereza et al vs. Law Office of Alan Kamel et al, Civil Case No.: 2:20-cv-04699 JMV-MF*. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked no later than _____, to:

Class Counsel:

Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, NJ 07004
Telephone: 973.227.5900
Facsimile:  973.244.0019
email: jkj@legaljones.com

**12.        If I exclude myself, do I still receive benefits from this settlement?**

No, you will not receive anything resulting from the settlement, but you will have the right to sue Kamel over the claims raised in this case, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

**THE LAWYERS REPRESENTING YOU**

**13.        Do I have a lawyer in this case?**

The Court has appointed Joseph K. Jones, Esq., of Jones, Wolf & Kapasi, LLC, to serve as Class Counsel. You will not be charged for this lawyer; however, he will receive a payment from Kamel in an amount to be determined by and approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by_____.

**14.        How will the lawyers be paid?**

4

Subject to the Court's approval, Kamel has agreed to pay Class Counsel a total of $24,400.00 as attorneys' fees and costs incurred with respect to the Plaintiff's and the Class claims. The award is in addition to, and shall in no manner reduce, the amount of benefits due the class. The Parties will jointly ask the Court to approve the foregoing amount of attorneys' fees and costs as part of Class Counsel's application for attorneys' fees, costs, and expenses through Final Judgment. The attorneys' fees and costs paid by Kamel and will not be taken out of the class settlement fund.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

### 15.    Is this a fair settlement?

Counsel for the Parties believes that this settlement is fair. The claim asserted on behalf of the Class against Kamel is under the FDCPA. The FDCPA is a federal statute which provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.00. Plaintiff's complaint does not allege any actual damages. In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of 1% of the Kamel's net worth or $500,000.00. The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit may also recover attorneys' fees and the expenses of prosecuting the suit, if the lawsuit is successful.

In this case, the Class recovery of $4,100.00 will distribute to those Settlement Class Members who do not exclude themselves, a check in the amount of $50.00.

### 16.    What is the Defendant's view of this settlement?

As stated above, Kamel filed an answer denying that its collection letters or practices violated the FDCPA. Kamel desires to settle the claims of the Class to avoid the risk, burden, and uncertainty of further litigation, and to put to rest all claims related to the Information Subpoena that is the subject of this lawsuit.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 17.    How do I tell the Court that I do not like the Settlement?

If you are a Class member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Stephen Bereza et al vs. Law Office of Alan Kamel et al, Civil Case No.: 2:20-cv-04699 JMV-MF*, your name, address, telephone number, and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 18). You must mail your objection so that it is postmarked no later than _____ to: Clerk of the Court, United States District Court for the District of New Jersey,  50 Walnut Street, Newark, New Jersey 07102.

You must also mail a copy of your objection to:

Class Counsel:
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue,  Suite 100
Fairfield, NJ 07004
Telephone: 973.227.5900
Facsimile: 973.244.0019
email: jkj@legaljones.com

**THE FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

**18.    Where and when is the fairness hearing?**

The Court will hold a fairness hearing on_____ at 10:00 p.m. in the courtroom of the Honorable Mark Falk, U.S.M.J., United States District Court Judge, 50 Walnut Street, Newark, New Jersey 07102. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

GETTING MORE INFORMATION – CONTACT:

Class Counsel:

 Joseph K. Jones, Esq.

 JONES, WOLF & KAPASI, LLC

 375 Passaic Avenue, Suite 100

 Fairfield, NJ 07004

 Telephone: 973.227.5900

 Facsimile: 973.244.0019

 Email: jkj@legaljones.com

## **DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE.**

<u>They are not permitted to answer your questions.</u>

Exhibit

C

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN BEREZA, on behalf of himself and all others similarly situated, *Plaintiffs*, -vs- LAW OFFICE OF ALAN KAMEL, and JOHN DOES 1-25. *Defendants*. | Civil Case No.: 2:20-cv-04699 JMV-MF |

**FINDINGS AND ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR FINAL FAIRNESS HEARING**

This matter comes before the Court on the joint request (the "Motion") of Stephen Bereza, ("Plaintiff"), and a class of persons similarly situated, (collectively "Plaintiff" or "Settlement Class Members"), and Law Office Of Alan Kamel, ("Kamel" or "Defendants"), for preliminary approval of the Class Action Settlement Agreement, dated February 12, 2021 (the "Agreement").

Presented to the Court for preliminary approval is a settlement of the litigation against the Defendants. The terms of the settlement are set out in a Class Action Settlement Agreement dated, February 12, 2021 (the "Settlement Agreement"). Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

The Court has preliminarily considered the Settlement Agreement to determine, among other things, whether to certify a class for settlement purposes only and whether the Settlement is

sufficient to warrant the issuance of notice to member of the Settlement Class.  Upon reviewing the record and for good cause appearing therefore,

**IT IS HEREBY ORDERED AS FOLLOWS**:

1.      **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

A.      The proposed settlement resulted from arm's-length negotiation by experienced and competent counsel during a Court ordered settlement conference;

B.      The Settlement was negotiated only after Class Counsel had conducted a pre-settlement investigation and received pertinent information and documents from Defendants in discovery;

C.      Class Counsel and the Class Representatives have concluded that the Settlement Agreement is fair, reasonable, and adequate; and

D.      The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2.      **Fairness Hearing**: A hearing (the "Fairness Hearing") on the fairness and reasonableness of the Settlement, whether final approval shall be given to it, and the request for fees and expenses by Class Counsel will be held before this Court on _____, 2021 at ___ a.m./p.m. to determine among other issues:

A.      Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

B.      Whether the Court should enter the Final Approval Order; and

C.      Whether the Court should approve any motion for Administrative Expenses, Attorneys' Fees and Costs, and Class Representatives' Compensation.

3.      **Settlement Administrator**. The Court approves and orders that Simplus, Inc.,

shall be the Settlement Administrator responsible for carrying out the responsibilities set forth herein and the Settlement Agreement.

4.    **Class Certification**:  The Settlement Class will be certified on a preliminary basis, for settlement purposes only, pursuant to Fed, R. Civ. P. 23(b)(3), as:

> All New Jersey Consumers who were sent Information Subpoenas from the Law Office Of Alan Kamel between April 19, 2019 and October 29, 2020, which did not inform the consumer that failure to comply with the Information Subpoena may result in his/her arrest and incarceration.

The Court finds, on a preliminary basis, that the requirements for certification under Rule 23(a) and Rule 23(b)(3) are satisfied:

a.    The Settlement Class meets the numerosity requirement of Rule 23(a)(1), as it consist of 186 Class Members;

b.    The Class Representatives have asserted claims that are common to the Class;

c.    The Class Representatives have asserted claims that are typical of the facts and claims of all members of the proposed Settlement Class.

d.    The Class Representatives have no conflicts with other Class Members, are adequate to represent the Settlement Class, and have retained experienced and qualified counsel to represent the Class as Class Counsel.

An action may be maintained as a class action, and a Settlement Class certified, when the Court finds that the requirements of Rule 23 have been met, including the conditions under Rule 23(b)(3):

> [t]he Court finds that the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a Class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The Court finds that a class action in this case is superior to other available methods for the fair and efficient adjudication of the controversy because a class resolution of the issues in this matter outweighs the difficulties in management of separate and individual claims and allows access to the courts for those who might not gain such access standing alone, particularly in light of the relatively small amount of the actual and statutory damage claims.

The Court further finds that Plaintiffs have alleged the use of common activities or language in collection letters sent as a third-party debt collector and governed by the FDCPA. All Settlement Class members, by definition, would have been subjected to the same disputed practice or letter language and that common questions of law and/fact predominate over questions pertaining to individual members.

The Court finds that Plaintiffs are adequate Class Representatives, as there appears to be no conflict with members of the Settlement Class.

The Court finds that pursuant to his certification, Joseph K. Jones, Esq., of Jones, Wolf & Kapasi, LLC, is qualified to serve as Class Counsel for the Settlement Class.

5.    The Court directs Plaintiff's Counsel to pay the costs of Class Notice and Administration.

6.    **Class Notice**: The Settling Parties have presented to the Court a proposed form of notice regarding the settlement for mailing to Class Members ("Settlement Notice").

A.  The Court finds that the proposed Settlement Notice fairly and adequately:

1.    Summarizes the claims that are asserted;

2.    Identifies the Settlement Class;

3.    Describes the terms and effect of the Settlement Agreement, including the benefits of the Settlement and the class release;

4.      Notifies the Settlement Class that Class Counsel will seek compensation for administration expenses, attorneys' fees, and, costs, which will not be paid from the Class Settlement Fund;

5.      Describes how the recipients of the Class Notice may object to the Settlement and any request from Class Counsel related to fees and costs; and

6.      Gives notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear.

B.      The Court approves the proposed Notice of Proposed Class Action Settlement ("Notice") to be directed to the last known address of the Class Members as shown in Defendants' records. Plaintiffs' counsel shall cause the Class Administrator to send, by First-Class mail, the Notice to Class Members on or before, _____ 2021 (within 30 days after entry of the Preliminary Approval Order). It will re-mail any notice that is returned with a forwarding address within five (5) business days.

C.      The Court finds that dissemination of the Notice in the manner described herein constitutes the best notice practicable under the circumstances to potential Settlement Class Members and complies fully with Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law. No further notices to the Class Members are required.

7.      **Opt-Out-Date:** Class Members shall have 45 days from the mailing of the Notices to request exclusion or object to the proposed settlement (the "Opt-Out" Date"). If the Notice is mailed on _____, 2020, Class Members shall have until _____, 2021 to request exclusion, or object to the proposed settlement. Any Class Member who desires to

exclude him or herself from the settlement must mail a request for exclusion to the Class Administrator.   The Class Administrator shall forward all such requests to Counsel for Defendants and Class Counsel within five (5) days of receipt thereof. Any Class Members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the District of New Jersey, and serve copies of the objection on the Class Administrator and counsel for Plaintiffs and Defendants by that date. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed Settlement is not in the best interests of the Class. Objectors who have filed written objections to the Settlement must also appear at the hearing and be heard on the fairness of the Settlement.

8.      **Exclusion Notice:** Any Person may seek to be excluded from the Settlement. Any Person so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Class Administrator, Simpluris, Inc. and be postmarked no later than the Opt-Out Date. To be effective, the request for exclusion must make clear that exclusion is sought by submitting a letter stating words to the effect of "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN: *STEPHEN BEREZA,  on behalf of himself and all others similarly situated, vs. Law Office OF Alan Kamel, and John Does 1-25*" .

A       The request for exclusion must also contain the excluded Person's name and address, and the request must be signed by that Person or, if other than a natural person, by an authorized representative of the Person. The Class Administrator, Simpluris, Inc., shall provide copies of any and all requests for exclusion to Defendants' Counsel and to Class Counsel no later than fifteen (15) business days before the Fairness Hearing. Class Counsel shall file and serve a list of all individuals who timely and

effectively request exclusion.

9.      **Objections:** Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Fairness Hearing provided that such Person files with the Court and delivers to designated Class Counsel and Defendants' Counsel a written notice of objection no later than fifteen (15) days before the Fairness Hearing. Any Person who objects to the Settlement must file a written statement of reasons of no more than 15 pages with the Clerk of the Court and deliver same to the Class Administrator, Simplus, Inc., Class Counsel and Defendants' Counsel, with the written notice of request for exclusion. Class Counsel and Defendants' Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than 15 pages filed and served no later than 5 business days prior to the Fairness Hearing. The manner in which a notice of objection should be prepared, filed, and delivered is stated in the Notice. Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Fairness Hearing, unless the Court orders otherwise. Any Settlement Class Member who does not prepare, file, and deliver his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorneys' Fees to Class Counsel, unless otherwise ordered by the Court.

10.     **CAFA Notice**: Defendant's counsel shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

11.     The Court notes that Defendants deny any liability to the Plaintiffs or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendants considered it desirable that the Action be settled and that the claims against Defendants, and their current and former officers, directors,

trustees, members, principals, successors, assigns, and agents and all persons acting by, through, or in any way on behalf of the Defendants, be released, relinquished, and discharged on the terms set forth in the Settlement Agreement in order to dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against the Defendants in the plaintiffs' Complaints.

12.    All discovery and other proceedings in the Litigation are stayed unless pursuant to the Court's Order for the purpose of implementing the Settlement or complying with the terms of the Agreement.

13.    The Court hereby bars and enjoins all Class Members, except those who have timely and effectively requested exclusion, from instituting, or prosecuting any action, or proceeding, whether Class or Individual, against Defendants for liability in any way related to, arising out of, or based upon the Released Claims, as described in the Settlement Agreement, unless and until the Settlement Agreement is terminated.

14.    If the above Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Agreement or herein.

15.    The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

SO ORDERED  this _____day of _____, 2021.


_____
Honorable, Mark Falk, U.S.M.J.

# Exhibit

# D

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN BEREZA, on behalf of himself and all others similarly situated,<br><br>*Plaintiffs*,<br><br>-vs-<br><br>LAW OFFICE OF ALAN KAMEL, and JOHN DOES 1-25,<br><br>*Defendants.* | Civil Case No.: 2:20-cv-04699 JMV-MF |

### FINAL APPROVAL ORDER OF THE CLASS ACTION SETTLEMENT

This matter having been brought before the Court upon the joint application (the "Motion") of Stephen Bereza, ("Plaintiff"), and a class of persons similarly situated (collectively "Plaintiff" or "Settlement Class Members"), and Law Office Of Alan Kamel, ("Kamel" or "Defendant"), for approval of the Class Action Settlement Agreement, dated December 29, 2020 (the "Agreement"). Due and adequate notice having been given to the Class, and the Court having considered the terms of the Agreement, all papers filed and proceedings had herein, and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1.      On _____, 2021, this Court preliminarily approved the Class Settlement Agreement reached between Plaintiff and Defendant for the claims alleged in the above-captioned matter, *Stephen Bereza et al vs. Law Office Of Alan Kamel et al, Civil case No.: 2:20-cv-04699 JVM-MF,* filed in the United States District Court for the District of New Jersey

(collectively referred to as the "Litigation"). At that time, the Court also approved a Notice of Proposed Class Action Settlement, for mailing to the class. The Court is informed that such Notice was sent by first-class mail to _____ individuals who are deemed Settlement Class Members. A total of _____ envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and _____ envelopes were returned and re-mailed to a forwarding address. _____ class members submitted timely requests for exclusion and _____ class member(s) requested exclusion after the deadline of _____. _____ class member(s) sent a letter that is ambiguous. The Court has found that _____ class members are participating in the Settlement, _____ class members excluded themselves from the Settlement, and _____ members objected to the Settlement.

2.      The Court, for purposes of this Final Order Approving the Class Action Settlement (the "Final Approval Order"), adopts all defined terms as set forth in the Class Settlement Agreement.

3.      The Court has jurisdiction over the subject matter of the Litigation, the Plaintiffs and Class Representatives, the other Settlement Class Members, and the Defendants.

4.      The Court finds that the distribution of the Notice of Proposed Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of New Jersey law and due process under the United States Constitution.

5.      The Court approves the Class Action Settlement, upon the terms set forth in the Agreement, which includes a Release and other terms, as fair, just, reasonable, and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

6.      Except as to any individual claim of Class Members who have requested

exclusion from the Class, all of the Released Claims of the Plaintiffs and those Members of the Class who have not requested exclusion from the Class, are dismissed with prejudice as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

7.    For purposes of settlement the parties stipulate to the following class:

> All New Jersey Consumers who were sent Information Subpoenas from KAMEL between April 19, 2019 and October 29, 2020, which did not inform the consumer that failure to comply with the Information Subpoena may result in his/her arrest and incarceration.

The parties represent that there are a total of 82 members of the Class.

8.    The Court finds that the stipulated class meets the requirements of Fed. R. Civ. P. 23. Specifically, the Court finds that:

(a)    The class is so numerous that joinder is impracticable.

(b)    There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual Class Members.

(c)    Plaintiffs' claims are typical of the claims of the Class Members.

(d)    Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Class Members.

(e)    A class action is superior to other alternative methods of adjudicating the issues in dispute between the parties.

9.    Excluded from the Settlement Class are _____ Class members, who timely and validly requested exclusion.

10.    Defendant will maintain a list of Class Members who are subject to the Release.

11.    Each Class Member not opting out of the Settlement as of the Effective Date does

hereby release and forever discharge the Defendants, and their Related Parties (hereinafter, "the Released Parties") from all causes of action, suits, claims, and demands, whatsoever, known or unknown, in law or in equity, which the Class Member now has, ever had, or hereafter may have against the Released Parties, for any violations of the FDCPA arising out of the claims alleged on behalf of the Class in the Litigation. This Agreement does not affect the validity of the debts allegedly owed by the Class Members to New Jersey Higher Education Student Assistance Authority, and the Class Members do not waive or release their right to dispute any alleged debt, or any part of an alleged debt, unrelated to the collection letters at issue. This release is conditioned on the final approval of the Settlement by the Court and Defendants meeting their obligations therein.

12.    Plaintiffs, their assigns, heirs, successors, agents, attorneys and personal representatives ("Releasing Parties") do hereby release and forever discharge Released Parties of and from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity arising from the facts alleged in their respective Complaints ("Released Claims"). This release is conditioned on the final approval of the Settlement by the Court and Defendants meeting its obligations therein.

13.    The Releasing Parties are permanently enjoined from: (i) filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on any or all Released Claims against one or more Released Parties; (ii) instituting, organizing class members in, joining with class members in, amending a pleading in or soliciting the participation of class members in, any action or arbitration, including but not limited to a purported class action, in any jurisdiction against one or more Released Parties based on, involving, or incorporating, directly or indirectly, any or all Released Claims; and (iii) filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit,

arbitration, administrative or regulatory proceeding or order in any jurisdiction based on an allegation that an action of the Released Parties, which is in compliance with the provisions of the Agreement, violates any right of any Class Member.

All Persons who are, have been, could be, or could have been alleged to be joint tortfeasors, co-tortfeasors, co-conspirators, or co-obligors with any or all of the Released Parties respecting any or all of the Released Claims, are hereby, to the maximum extent permitted by law, barred and permanently enjoined from making, instituting, commencing, prosecuting, participating in or continuing any claim, claim-over, cross-claim, action, or proceeding, however denominated, regardless of the allegations, facts, law, theories or principles on which they are based, in this Court or in any other court or tribunal, against any or all of the Released Parties with respect to any or all of the Released Claims, including without limitation equitable, partial, comparative, or complete contribution, set-off, indemnity, or otherwise, whether by contract, common law or statute, arising out of or relating in any way to the Released Claims. All such claims are hereby fully and finally barred, released, extinguished, discharged, satisfied and made unenforceable to the maximum extent permitted by law, and no such claim may be commenced, maintained, or prosecuted against any Released Party.

13.     Subject to Court approval, for their actual and statutory damages and for his service as class representative, Stephen Bereza, will receive One Thousand Five Hundred Dollars ($1,500.00) within 10 days after the Effective Date.

14.     Within 10 days of the Effective Date, Defendant shall pay the sum of $4,100.00 to the Class Administrator to be distributed by a check in the amount of $50.00 to each of those Settlement Class Members who do not exclude themselves from the Class Settlement.

15.     Neither the Agreement nor the Settlement terms contained therein, nor any act performed, or document executed, pursuant to or in furtherance of the Agreement or the Settlement:

a.      is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or

b.      is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or this Final Approval Order may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

16.      The Court dismisses the claims of Plaintiff and the Class against Defendant with prejudice and without costs.

17.      Within ten (10) days after the Effective Date, Defendants shall make all payments required by the Agreement.

18.      Within thirty (30) days of the Effective Date, the Class Administrator shall issue the checks and deliver them to those Class Members who have not opted out of this Settlement.

19.      If any Settlement Class Member fails to cash a settlement check within sixty (60) days of mailing (the "Void Date"), the check will be void, Defendants shall be released from any related obligation to the Settlement Class Member, and the Class Member's right to receive benefits  pursuant to the Settlement shall be deemed forfeited.

20.      The Court designates the National Consumer Law Center as the *cy pres* recipient. Class Counsel shall issue the *cy pres* award to the National Consumer Law Center within 30 days of the Void Date.

21.      When all of the following have been completed: (i) payments to Plaintiff and the Class, (ii) the expiration of fifty (50) days after the Void Date, (iii) payment of attorney's fees to counsel for Plaintiffs and the Class, and (iv) payment of the *cy pres* award, the Class Administrator shall file a "Notice of Compliance" that Class Counsel has complied with the Terms of the Agreement and all Class members who are entitled to receive checks have been

issued checks, and any money remaining in the Class Settlement Fund has been donated to the *cy pres* recipient, National Consumer Law Center. The Notice of Compliance will request that the Court convert the dismissal of the claims of Plaintiff and the Class against Defendant and the Released Parties to a dismissal with prejudice.

22.    The Court has reviewed Class Counsel's petition for attorneys' fees and costs of $24,400.00 . The Court finds that Class Counsel's petition is fair and reasonable. Defendant shall pay $24,400.00 to Class Counsel in accordance with the Agreement. Payment shall be made within ten (10) days of the Effective Date.

23.    The Court reserves exclusive and continuing jurisdiction over the Litigation, the Plaintiff and the Class Representatives, the Class and the Released Parties for the purpose of: supervising the implementation, enforcement, construction, administration and interpretation of the Agreement and this Final Approval Order.

24.    This case is hereby terminated. This is a final decision for purposes of 28 USC Section 1291.

SO ORDERED this _____day of _____, 2021.


_____
Honorable, Mark Falk, U.S.M.J.